O’Gorman, J. (Concurring.)
The question here is whether evidence was given at the trial sufficient to sustain a verdict that the defendants had conspired to cheat the plaintiff. If there were such evidence the case should have gone to the jury.
In Morris v. Talcott (96 N. Y., 104), the authority on which defendants mainly rely, it is held tha,t a condition of known insolvency on the part of the intending purchaser of property, accompanied with the intention to acquire property of his vendor without paying for it, constitutes fraud; but this intention can no* more be inferred from the mere fact of insolvency, than that fact can be inferred from the existence of an intention not to pay.
In the case at bar, neither of the defendants had any reason to believe that either of the checks exchanged between them was good when made, although defendant Howland testifies that he believed that the check made by Sedgwick was good when made, and that he, Howland, was not party to any trick or device in the transaction, and had no intention to have Sedgwick wrongfully obtain money from the plaintiff.
On the other hand, there were circumstances and coincidents in the case, which indicated the existence of fraudulent intent on the part of both the defendants. *60 and tended to shake confidence in the truth of How-land’s testimony.
The fact that, at the time the check was drawn by Howland dated June 7, for $350, on the plaintiff bank, he had only an actual balance of $7 to meet the check, and that Sedgwick’s worthless check for $400, payable to the order of Howland, came into the hands of the plaintiff bank on the morning of June 9, just in time to create an apparent balance to the credit of Howland sufficient to meet the $400 check payable to Sedgwick, which was then paid, is one of these coincidents, the explanation of which by Howland would be a proper subject for the consideration of a jury.
If they saw good reason to discredit the testimony of Howland, and it ceased to have any important effect in the case, then there was enough of evidence to support the inevitable inference that the whole transaction was tainted with a fraudulent intent, in which both defendants shared.
On the whole, I am disposed to agree with Judge Truax that there should be,a new trial.
Sedgwick, Ch. J., not voting.